**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| JAMESON HARRIS | : | DOCKET NO. 2:09-cv-0119<br>Section P |
|---|---|---|
| VS. | : | JUDGE HAIK |
| MICHAEL MUKASEY, ET AL. | : | MAGISTRATE JUDGE HILL |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jameson Harris, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner is a native and citizen of Haiti. He was paroled into the United States on February 20, 1992. *See* Government Exhibit 1. On December 1, 2005, petitioner was convicted of burglary of a dwelling and lewd and lascivious act in the presence of a child by a Florida state court for which he was sentenced to 46 months imprisonment. *Id*. Petitioner's application for asylum was denied on October 18, 2006 based upon his criminal convictions. *See* Government Exhibit 5.

On July 15, 2008, petitioner was ordered removed to Haiti on grounds that he was subject to removal because he had been convicted of a crime involving moral turpitude pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) and because he was not in possession of a valid

unexpired immigrant visa pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Petitioner waived his right to appeal. *See* Government Exhibit 2.

On August 12, 2008, petitioner was served with a form I-229(a) Warning for Failure to Depart. *See* Government Exhibit 3.

On September 10, 2008, a travel document request was submitted to the Haitian Consulate on behalf of petitioner. *See* Government Exhibit 4.

A decision to Continue Detention was issued on October 21, 2008 following a post-order custody review. *See* Government Exhibit 5.

On November 7, 2008, petitioner was served with a second form I-229(a) Warning for Failure to Depart. *See* Government Exhibit 6.

On January 14, 2009, another travel document request was submitted to the Haitian Consulate on behalf of petitioner. *See* Government Exhibit 7.

On January 21, 2009, petitioner was served with a third form I-229(a) Warning for Failure to Depart. *See* Government Exhibit 8.

Thereafter, on January 28, 2009, a decision to Continue Detention was issued by Headquarters. *See* Government Exhibit 9. That decision indicates that ICE was working with the Embassy of Haiti to obtain a travel document to effect petitioner's removal and that ICE expected petitioner's removal to occur in the reasonably foreseeable future. *Id*.

On April 9, 2009, Jarvis McMillar, Detention and Deportation Officer in the Travel Document Unit assigned to the Headquarters Office of Detention and Removal Operations of ICE, executed a sworn declaration in which he states that starting on

August 26, 2008, Haiti was hit by an unprecedented sequence of hurricanes and tropical storms which resulted in widespread damage and flooding. *See* rec. doc. 11-3 at ¶ 7. As a result, Haiti and ICE agreed in September 2008 to suspend repatriation of Haitian nationals for six months. *Id*. Pursuant to a meeting between representatives of both countries, it was agreed that flight operations to Haiti would resume for criminal aliens, and the first charter was scheduled for April 15, 2009, with subsequent charters occurring at two week intervals, and that petitioner is currently scheduled to be included and removed on one of these charters. *Id*. at ¶ 8 and 10. McMillar further states that prior to the hurricanes, the Haitian government's practice was to allow removal of aliens to Haiti upon receipt of a travel packet when the travel packet was not refused. *Id*. at ¶ 6. Moreover, agreements between Haiti and the United States permitted removal of fifty aliens every two weeks by direct charter, for a cumulative total of one hundred aliens per month. *Id*. at ¶ 5.

Petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention, on January 16, 2009. Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than 6 months. He challenges his detention as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future. On February 18, 2009, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that lapse of the presumptively reasonable removal period is not, of itself, sufficient to satisfy petitioner's burden to obtain relief herein. The respondents additionally argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future, and that this is particularly true, given the resumption of repatriation flights to Haiti, on one of which petitioner will be scheduled shortly.

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, petitioner has been in post-removal-order detention for a period greater than six months. However, this does not mean that petitioner is automatically entitled to release. In order for petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

To support his assertion that his detention is indefinite petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*. However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 *quoting Zadvydas*, 121 S.Ct. at 2505. The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales,* 459 F.3d at 543-44.

In this case, it is undisputed that petitioner is a Haitian citizen, and the petitioner has not produced any evidence to establish that the Consulate of Haiti has declined to issue a travel document for him. To the contrary, had it not been for the hurricane, given the Haitian government's prior practice allowing removal of aliens to Haiti upon receipt of a travel packet, the petitioner's removal would most probably have already been effected. Furthermore, given that repatriation flights to Haiti were to resume on April 15, 2009, with subsequent charters occurring at two week intervals, on one of which petitioner will be scheduled for departure, the undersigned cannot find that that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.

However, under the circumstances, the right of petitioner to again file for relief pursuant to 28 U.S.C. § 2241 if he has not been removed from the United States within 6 months from this date is reserved to him.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, April 29, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE